UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. POWELL,

       Plaintiff,        CASE NO. 2:15-CV-11033
                            JUDGE PAUL D. BORMAN
                            MAGISTRATE JUDGE ANTHONY P. PATTI

   v.

INTERNAL REVENUE SERVICE,

       Defendant.

_____/

## ORDER SETTING CASE MANAGEMENT DEADLINES and STRIKING PLAINTIFF'S OCTOBER 13, 2015 NOTICE (DE 35)

This case is one of three Plaintiff has filed in this Court against the Internal Revenue Service.[1] Plaintiff filed the instant lawsuit *pro se* on March 19, 2015. (DE 1.) He is proceeding *in forma pauperis*. (*See* DEs 2, 5 & 13.)

This case has been referred to me for all pretrial matters. (*See* DEs 26, 29.) On September 18, 2015, I entered an order (DE 32) construing Plaintiff's September 15, 2015 motion (DE 31) as a motion for entry of a case management scheduling order and granting such motion. Thereafter, the IRS filed a report pursuant to Fed. Rules Civ. P. 16 and 26. (DE 34.) Plaintiff then filed a notice

---

[1] *See also Powell v. IRS*, Case No. 2:14-cv-12626-SFC-MJH (judgment entered on Sept. 9, 2015) and *Powell v. IRS*, 2:15-cv-11616-PDB-APP.

1

with regard to Defendant's dates to commence summary judgment (DE 35),[2] the parties' joint report pursuant to Fed. Rules Civ. P. 16 and 26 (DE 36), and a corrected and revised proposed joint report pursuant to Rules 16 and 26 (DE 37).

Having received the parties' proposed plans, I enter the following case management scheduling order:

- Any further amendment to the pleadings shall be filed by October 31, 2015, with any responding pleading to be filed within 14 days of service.

- Dispositive motions shall be filed no later than January 15, 2016, with opposition and reply briefs filed in accordance with the E.D. Mich. LRs.

- If the Court deems Discovery appropriate and necessary, it will be completed in accordance with the timeframe set by the Court at the end of the parties' Summary Judgment briefing.[3]

- Finally, if this case survives dispositive motion practice, the Court will determine whether any additionally scheduling dates are necessary.

---

[2] Among other things, Plaintiff's October 13, 2015 "notice with regard to Defendant's dates to commence summary judgment," (DE 35) asks the Court to "acknowledge" certain matters, seems to claim that not starting summary judgment briefing until February 2016 will delay or stall his cases, and contends Plaintiff did not consent to Defendant's October 2, 2015 report (DE 34). The Court will not "acknowledge" anything, as its records speak for themselves. Moreover, the filing does not contain a clear prayer for relief. Also, Plaintiff's requests regarding records and documents are more properly the subject of a discovery motion. For these reasons, the Clerk of the Court will be directed to strike Plaintiff's October 13, 2015 notice (DE 35).

[3] "Procedurally, district courts typically dispose of FOIA cases on summary judgment before a plaintiff can conduct discovery." *Rugiero v. United States Department of Justice*, 257 F.Supp.3d 534, 544 (6th Cir. 2001).

Moreover, the Clerk of the Court is DIRECTED to strike Plaintiff's October 13, 2015 notice (DE 35).

**IT IS SO ORDERED.**

Dated: October 22, 2015          s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on October 22, 2015, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti