UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. POWELL,

           Plaintiff,                    Case No. 2:15-cv-11033
                                             District Judge Paul D. Borman
v.                                    Magistrate Judge Anthony P. Patti

INTERNAL REVENUE
SERVICE,

           Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT IRS'S
JANUARY 20, 2016 MOTION FOR SUMMARY JUDGMENT (DE 45)**

**I.     RECOMMENDATION**:  The Court should grant Defendant IRS's January 20, 2016 motion for summary judgment (DE 45).

**II.    REPORT:**

      **A.    Background**

      This lawsuit is one of three Plaintiff William E. Powell has filed against the Internal Revenue Service (IRS) in this Court.[1]  On March 19, 2015, Plaintiff filed the instant lawsuit *pro se*, seeking to compel Defendant to comply with his

_____

[1] *See Powell v. IRS*, Case No. 2:14-cv-12626-SFC-MJH (E.D. Mich.) (judgment entered Sept. 9, 2015), and *Powell v. IRS*, Case No. 2:15-cv-11616-PDB-APP (E.D. Mich.) (IRS's February 17, 2016 dispositive motion pending).

December 4, 2014 request for certain tax documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (DE 1 at 2-3 ¶¶ 1-4.)

By way of this Court's April 28, 2015 opinion and order granting Plaintiff's April 21, 2015 motion for leave to file a first amended complaint, Plaintiff's proposed first amended complaint (DE 9-1) became the operative complaint. (*See* DEs 9, 10.) In addition to Plaintiff's December 4, 2014 request, the first amended complaint concerns requests dated February 26, 2015, March 2, 2015, and April 10, 2015. (DE 9-1 at 2-8.) Plaintiff's entire case concerns alleged violations of FOIA, 5 U.S.C. § 552. (DE 9-1 at 8-9.)

### B.    Instant Motion

Judge Borman has referred this case to me for pretrial matters. (DE 29.) Currently before the Court is Defendant IRS's January 20, 2016 motion for summary judgment. (DE 45.) Therein, Defendant IRS argues:

(1)    [P]laintiff did not exhaust his administrative remedies with respect to any of his denied requested Items;

(2)    [P]laintiff did not follow the Service's FOIA regulations for some of his requested Items;

(3)    with respect to some of [P]laintiff's proper FOIA requested Items, the Service conducted a reasonable search but did not locate any responsive records, or

(4)    if responsive records were located (and were not exempt from disclosure under the FOIA) the Service properly released those records to [P]laintiff.

2

(DE 45 at 9.)

Plaintiff filed a timely response on February 10, 2015, the due date.  (DEs 47, 48.)  However, five days later, Plaintiff filed a motion to substitute pleading, representing to the Court that, "Plaintiff will not make any changes from [sic] any physical documents from the pleading filed on Wednesday, February 20 [sic], 2016," except for the redaction of personal information, including a social security number, taxpayer identification number, birth date, account information and the initials of a minor.  (DE 49 at 1.)  One day thereafter, Plaintiff filed a new response, which apparently deleted the personal information about which Plaintiff had expressed concern (*see*, *i.e.*, DE 50-4 at 3, DE 50-9 at 1), but which was clearly not otherwise identical to the previous one, as it was missing nine pages of exhibits (*Compare* DE 48-1 through DE 48-45 [145 pages], DE 50-1 through 50-42 [136 pages].) Accordingly, on February 17, 2016, this Court entered an order (DE 51) granting Plaintiff's motion to substitute (DE 49) and directing the Clerk of the Court to strike each of Plaintiff's responses (DEs 48, 50).  At the same time, the Court's order directed Plaintiff to file a substituted response, "identical to the pleading filed on February 10, 2016, but differing only by the redactions proposed" in the motion to file a substituted pleading, no later than Thursday, February 18, 2016.  (DE 51 at 2.)  It is noted that Plaintiff is an e-filer, and thus should have been *immediately* aware of the Court's re-briefing directive.

3

To date, no substituted response has been filed.[2]  Accordingly, this motion is technically unopposed, *see* E.D. Mich. LR 7.1(c)(1).[3]  To be sure, given the nature of this motion – which is primarily based on a record of correspondence between the parties that speaks for itself, as well as the statutory and regulatory law which governs FOIA actions – it is highly unlikely that an accredited response would change the outcome.  Moreover, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."  <u>Carver v. Bunch</u>, 946 F.2d 451, 455 (6th Cir. 1991).  Thus, notwithstanding the unopposed status of this motion, the Court will carefully consider  the merits of Defendant IRS's arguments, in light of the allegations contained in Plaintiff's operative pleadings, to ensure that Defendant has discharged its burden.

### C.    Standard

Defendant IRS brings its motion pursuant to Fed. R. Civ. P. 56(a).  (DE 45 at 1.)  Under the Federal Rules of Civil Procedure, "[t]he court shall grant

---

[2] "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).

[3] To complicate matters, on April 13, 2016, *nearly two months after the date of my order*, Plaintiff filed a "response to resubmit redacted summary judgment," in which he seemingly attempts an extension of time within which to respond.  (DE 53.)  The Court has addressed and denied this motion by an order entered this date.

4

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir.

2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . .   [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative.  *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994).  In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ."  *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### D.    Discussion

#### 1.    The Freedom of Information Act (FOIA) Generally

Government agencies are required to make certain information available to the public.  *See* 5 U.S.C. § 552(a)(1)-(2).  "Except with respect to the records made available under paragraphs (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) *reasonably describes* such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records

6

promptly available to any person." 5 U.S.C. § 552(a)(3)(A) (emphasis added). "In response to a FOIA request, an agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Rugiero v. U.S. Dept. of Justice*, 247 F.3d 534, 547 (6th Cir. 2001) (citing *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998)). "The FOIA requires a ***reasonable search*** tailored to the nature of the request." *Id*. (citing *Campbell*, 164 F.3d at 28 (emphasis added)).

"On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The statute further provides:

> In such a case the court shall determine the matter *de novo*, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and *the burden is on the agency to sustain its action*. In addition to any other matters to which a court accords substantial weight, *a court shall accord substantial weight to an affidavit of an agency* concerning the agency's determination as to *technical feasibility* under paragraph (2)(C) and subsection (b) and *reproducibility* under paragraph (3)(B).

*Id*. (emphases added). In other words, "[u]nder 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2)

7

'withheld'; (3) 'agency records.'"  *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980).

### 2.    Exhaustion under FOIA and Its Effect on the Court's Jurisdiction

Before coming to Court with a FOIA claim, a plaintiff must exhaust his administrative remedies by first appealing the adverse decision within the agency. "Each agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall--

> **(i)**    determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and
>
> **(ii)**    make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552(a)(6)(A)(i),(ii).  However, the statute further provides that, "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  5 U.S.C. § 552(a)(6)(C)(i).

8

"Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) (citing *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir. 1979)).  In other words, a Plaintiff's failure to administratively exhaust his or her document requests under the FOIA deprives the district court of jurisdiction.  *See Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (plaintiffs "failed to show that they exhausted their FOIA remedies by requesting specific information in accordance with published administrative procedures and having their request improperly refused before they brought their district court action.") (referencing 5 U.S.C. § 552(a) and *In re Steele*, 799 F.2d at 465-466).

      **3.**     **Defendant IRS is entitled to summary judgment on Plaintiff's claims regarding his December 4, 2014 FOIA request, as the Court does not have jurisdiction over Plaintiff's challenge to Defendant's January 15, 2015 interim response.**

Plaintiff's December 3, 2014 FOIA request is comprised of thirteen (13) bullet point items.  (DE 45 at 45-46.)[4]   In a December 18, 2014 letter, William J. White, IV, an IRS Disclosure Specialist, explained that he needed additional time to "[s]earch for and collect the requested records from other locations[,]" and

---

[4] The fax cover sheet to Plaintiff's December 2014 FOIA request is dated December 3, 2014 (DE 45 at 44); however, Plaintiff consistently concedes that it was not sent to (or apparently received by) the IRS until December 4, 2014 (DE 1 at 2 ¶¶ 1-2; DE 9-1 at 2 ¶ 1.)  It is, therefore, referenced by the latter date throughout this report.

extended the statutory response date to January 21, 2015.  (DE 1 at 6, DE 45 at 48-49.)  On January 15, 2015, Bruce Hayes, an IRS Disclosure Manager, responded as to ten (10) items, enclosing 36 pages but withholding 13 pages as the tax information of other taxpayers.  In addition, Plaintiff was notified of appeal rights by the enclosure of a Notice 393.  (DE 45 at 51-53, 55-56.)  By another letter dated January 15, 2015, this one from Disclosure Specialist White, the IRS extended the response date to February 12, 2015.  (DE 45 at 58-59.)[5]

As noted above, Plaintiff's first amended complaint is dated April 21, 2015.  Therein, Plaintiff seems to challenge Defendant IRS's response as to several of the thirteen (13) requests, regarding which Hayes responded on January 15, 2015 as follows:

- *The Individual Master File ("IMF") Transcript for MFT 30 for William A. Powell for tax years 1988 to 1993:*  I researched our records and found that there are no documents specifically responsive to your request.

- *The BMF Transcript for MFT 34 for the Powell Printing Company for tax years 1988 to 1994:*  I researched our records and found that there are no documents specifically responsive to your request.

---

[5] Moreover, on January 28, 2015, Disclosure Manager Hayes stated:  "You asked for copies of Master File Specific transcripts for tax years 1989, 1992, and 1993 under your personal account.  At this time I am unable to retrieve the requested documents.  If you still need Disclosure to provide these documents, please re-submit your request in thirty to sixty days to allow the system time to retrieve the documents from retention."  (DE 45 at 61.)

- *The BMF Transcript for MFT 05 for the Estate of William A. Powell for tax years 1988 to 2014:[6]* I researched our records and found that there are no documents specifically responsive to your request.

- *A copy of the tax year 1990 Form 2553 (Small Business Election) [and attached Tax Return] under the Document Locator Number ("DLN") 17953-494-00101-0 for the Powell Printing Company:* I researched our records and am unable to locate the document at this time. Please attempt to re-submit your request in 60 to 90 days to allow the re-filing of the form with the Federal Records Center.

- *The BMF Transcript for MFT 02 for tax years 1989 to 1993 and MFT 01 and MFT 10 for years 1988 to 1993 for Powell Printing Company:[7]* I am enclosing 20 pages specifically responsive to your request.

(DE 9-1 at 2-3 ¶ 3, DE 45 at 45-46, 51-53.) Plaintiff takes the position that

Defendant IRS has not complied with any of the bulleted items. (DE 9-1 at 8 ¶ 4.)

The Court should conclude that Defendant IRS is entitled to summary

judgment as to Plaintiff's claims which concern his December 4, 2014 FOIA

request. Plaintiff's amended complaint appears to contest only Defendant IRS's

January 15, 2015 interim response (DE 45 at 51-53) and not the same-day deferred

---

[6] The phrase appearing in Plaintiff's April 21, 2015 amended complaint appears to be a combination of two items (for MFT 05 Estate of William A. Powell) from Plaintiff's December 4, 2014 FOIA request and is consistent with wording from the IRS's January 15, 2015 letter. (*Compare* DE 9-1 at 2 ¶ 3, DE 45 at 45-46, DE 45 at 51.)

[7] Here, too, the phrase in the amended complaint appears to be a combination of three items from Plaintiff's FOIA request and is consistent with wording from the IRS's letter. (Compare DE 9-1 at 3 ¶ 3, DE 45 at 45-46, DE 45 at 51.)

response (DE 45 at 58-59).  (*See* DE 9-1 at 2-3 ¶ 3, DE 9-1 at 8 ¶ 4.)  To the extent

Plaintiff's April 21, 2015 first amended complaint takes issue with the content of

Defendant IRS's January 15, 2015 interim response (DE 45 at 51-53), his

complaint is prematurely filed.  Plaintiff is required to give Defendant IRS the first

bite at the apple regarding the adequacy of its response. *See Am. Civil Liberties*

*Union of Michigan v. F.B.I.*, No. 11-13154, 2012 WL 4513626, at *4 (E.D. Mich.

Sept. 30, 2012) *aff'd*, 734 F.3d 460 (6th Cir. 2013) ("Plaintiff's Appeal made no

mention of § 552(a)(3)(C).  If Plaintiff never notified Defendants of its objection to

their search, then Plaintiff did not appeal this specific issue and thus could not have

administratively exhausted this claim. Therefore, the Court lacks subject-matter

jurisdiction over Plaintiff's search claim.").  Here, White has declared that, to his

knowledge, Plaintiff has never filed an administrative appeal regarding the

December 4, 2014 FOIA request.  (*See* DE 45 at 41-42 ¶¶ 29-32.)  No

contradicting affidavit or declaration has been filed with the Court, nor is there a

verified complaint.[8]  Therefore, the Court does not have jurisdiction over

Plaintiff's December 4, 2014 FOIA claim, which appears to be limited to a

---

[8] Neither of the two stricken responses (DE 48 and 50) is signed under penalty of perjury, nor are they accompanied by an affidavit or declaration from Plaintiff. (*See* DE 48 at 34, DE 50 at 34.)  Indeed, the only attached affidavit is the July 13, 2015 adverse Declaration of IRS attorney Joy E. Gerdy Zogby.  (*See* DE 48-1, DE 48-37, DE 50-1 & DE 50-36.)

challenge to the substance of Defendant's January 15, 2015 interim response (DE 45 at 51-53).

**4.  Defendant IRS is entitled to summary judgment on Plaintiff's claim(s) concerning his February 26, 2015 FOIA request, as it appears he has either received relief or Defendant does not possess any further, responsive documents.**

Plaintiff submitted four FOIA requests dated February 26, 2016, each of which concerns the Powell Printing Co., Employer Identification Number ("EIN") 38-2901076.  (DE 9-3, DE 45 at 75-96.)  By way of three letters dated March 10, 2015 – as to Forms 990 ("the Forms 990 request") (DE 9-3 at 3), DLN 38904-747-00785-09 ("the Form SS-4 request") (DE 9-3 at 1-2), and the 1990 Form 2553 ("the Form 2553 photocopy request") (DE 9-3 at 4) - Senior Disclosure Specialist Brinda L. Brown informed Plaintiff that he needed to "[p]rovide proof of [his] right to access the requested records."  (DE 45 at 106-107, 109-110, 112-113; *see also* Brown Decl. (DE 45 at 63-64 ¶¶ 4, 6-7).)[9]  By way of a fourth letter – as to DLN 17953-494-00101-0 for 1989 and 1990 ("the Form 2553 inspection request") (DE 9-3 at 5), Brown explained that Plaintiff could access Document 6209 online. (DE 45 at 118; *see also* Brown Decl. (DE 45 at 63 ¶ 5).)

By a letter dated March 16, 2015, Plaintiff purportedly submitted several documents to illustrate that he was the authorized individual for Powell Printing

---

[9] Plaintiff claims he did so on March 11 or March 12.  (DE 9-1 at 8-9 ¶ 5.)

Co.  (DE 9-2, DE 45 at 120-121.)[10]  Thus, Plaintiff appears to contend that Defendant IRS's time to respond expired 20 days later, which would have been April 10, 2015.  Plaintiff claims he has not received "any correspondence to date of this Amended Complaint."  (*See* DE 9-1 at 8-9 ¶ 5.)  By Brown's own declaration, it seems that Defendant IRS did not timely act in response to Plaintiff's March 16, 2015 facsimile.  (DE 45 at 66-67 ¶¶ 13-16.)  Thus, assuming Plaintiff's March 16, 2015 letter related to each of the four February 26, 2015 requests, Plaintiff is deemed to have exhausted his administrative remedies as to challenges to the same on the basis that Defendant failed to comply with the applicable time limit.  5 U.S.C. § 552(a)(6)(C)(i).

Nonetheless, the Court should conclude that Defendant IRS is entitled to summary judgment on Plaintiff's February 26, 2015 FOIA claims which are the subject of the amended complaint at bar.  First, it appears that Plaintiff has already received relief on his February 26, 2015 requests to (a) photocopy and inspect the original 1990 Form 2553 and (b) inspect the original 1989/1990 tax return.  (DE 9-3 at 4-5.)  Citing this Court's July 31, 2015 opinion and order (DE 39) and September 9, 2015 supplemental order (DE 45) in Case No. 2:14-cv-12626-SFC-

_____

[10] Plaintiff's March 20, 2015 FOIA request appears to have included copies of a First Amendment to William A. Powell Agreement of Trust, Plaintiff's Social Security Card and Driver's License, the Last Will and Testament of William A. Powell, and a program for the memorial service of William Andrew Powell.  *See* Case No. 2:15-cv-11616-PDB-APP (DE 30-1 at 9-30.)

MJH, Defendant IRS argues Plaintiff "received full judicial relief" as to the

photocopy request (DE 9-3 at 4) and that his inspection request (DE 9-3 at 5) is

duplicative and moot based upon Plaintiff's inspection at the September 3, 2015

status conference before Judge Cox.  (*See* DE 45 at 15-16; *see also* DE 45 at 24-

26, Brown Decl. (DE 45 at 67 ¶¶ 17-18).)  In fact, in Case No. 2:14-cv-12626-

SFC-MJH, the Court's September 9, 2015 order provides:  "The parties appeared

on September 3, 2015, and, in the presence of the Court, Plaintiff inspected the

original Form 2553.  Plaintiff was also provided with a certified copy of the

document.  Plaintiff has therefore obtained all relief he sought as to this

document[,]" (DE 45 at 3).  Therefore, assuming Plaintiff's February 26, 2015

request for the 1990 Form 2553 (Election by a Small Business Corporation) is the

same as Plaintiff's February 26, 2015 request for the 1989/1990 tax return with the

DLN 17953-494-00101 (*compare* DE 9-3 at 4, DE 9-3 at 5), Plaintiff has received

relief on his Form 2553 request.[11]

Second, it appears that Defendant does not possess documents responsive to

Plaintiff's February 26, 2015 request for a Form SS-4 ("Application for Employer

Identification Number").  (DE 9-3 at 1-2.)  At the outset, I note that, while this

---

[11] To the extent these requests are not the same, I note that Brown's March 10, 2015
letter explains:  "You asked for a copy of the document identified by [DLN]
17953-494-00101-0, for the tax year 1989 and 1990[,]" and continues, "You may
access Document 6209 at the following URL . . . ."  (DE 9-3 at 5, DE 45 at 118.)

specific request does not list a taxable year, Brown's declaration assumes a Form SS-4 processed in 1989.  (DE 45 at 67 n.3.)  Brown declares that Defendant IRS "does not maintain records of Forms SS-4 for years prior to 1998[,]" ultimately explaining, "[b]ecause the Service does not maintain Forms SS-4 from 1989, there are no records responsive to Mr. Powell's request and I am unable to provide Mr. Powell with the Form SS-4 he has requested.  Mr. Powell would need to request this document from the SSA."  (DE 45 at 67-69 ¶¶ 19-23.)  In addition, White declared that, having searched for a Form SS-4 with respect to a previous request by Plaintiff, he (White) "did not locate a copy of the Form SS-4 because it was processed in 1989, and the Service had destroyed the record pursuant to standard record retention policies[,]" and "ha[s] previously advised Mr. Powell that if he wished to obtain a copy of that Form SS-4, he could request it from the Social Security Administration."  (DE 45 at 42 ¶¶ 33-35.)[12]  Thus, in addition to the absence of a response from Plaintiff, the Court has no reason to doubt Defendant IRS's assertion that "[t]he Service does not retain SS-4s for years prior to 1998 and

---

[12] Moreover, referencing the Zogby Declaration (DE 35 ¶¶ 4, 7-15) and this Court's July 31, 2015 opinion and order (DE 39) in Case No. 2:14-cv-12626-SFC-MJH, Defendant IRS claims the SS-4 request "is precluded by res judicata."  (DE 45 at 16.)

therefore the Service has no responsive documents to this request."  (DE 45 at 27.)[13]

Third, there do not appear to be any documents responsive to Plaintiff's February 26, 2015 request for certain MFTs and several Forms 990 ("Return of Organization Exempt From Income Tax").  (DE 9-3 at 3.)  Here, Defendant IRS contends that "Plaintiff appears to mistakenly believe that the Powell Printing Co. 'is under a 527 POL (Political Organization), which would have to file one of the 990 series.'"  (DE 45 at 14; *see also* Brown Decl. (DE 45 at 69 ¶¶ 24, 31).) Brown's declaration explains this position, ultimately stating, "the transcript actually indicates that the Powell Printing company was not a 527 political organization[,]" and "[i]n my review of the Powell Company Printing transcripts I have not seen any indication that it was a tax exempt organization."  (DE 45 at ¶¶ 32-37.)  Also, as Brown points out, Plaintiff also requested information on MFT 67 for 1988 to 1994 during December 2014, and White responded, "I researched our records and found that there are no documents specifically responsive to your request."  (DE 45 at 46, DE 45 at 51 ¶ 7, DE 45 at 70 ¶ 25, DE 45 at 77.) Moreover, Brown explains that Forms 990 are tax returns which need to be requested using a Form 4506 as set forth in 26 C.F.R. § 601.702(d).  (DE 45 at 70 ¶

---

[13] Based on this conclusion, the Court need not consider Defendant IRS's assertion in this case that Plaintiff's February 26, 2015 SS-4 request is duplicative of a request he made in Case No. 2:14-cv-12626-SFC-MJH.  (DE 45 at 26.)

26.)   In any event, Brown describes the search performed and declares:  "In

searching for the Form 990 transcripts Mr. Powell requested, I found no responsive

documents for the Powell Printing Company for the years Mr. Powell requested."

(Brown Decl. (DE 45 at 70-71 ¶¶ 27-30).)  Given Brown's declarations, and the

absence of a response from Plaintiff, the Court has no reason to doubt Defendant

IRS's assertion that "no records responsive to this Item have ever existed."  (DE 45

at 14.)

In sum, as Judge Cox noted in his September 9, 2015 order in Case No.

2:14-cv-12626-SFC-MJH (DE 45 at 4), "[a]gency possession of the requested

documents is 'an indispensable prerequisite to liability in a suit under the FOIA.'"

*Vonderheide v. I.R.S.*, No. 98-4277, 1999 WL 1000875, *1 (6th Cir. Oct. 29, 1999)

(quoting *Kissinger,* 445 U.S. at 155).  Here, too, "[t]he IRS provided evidence in

the form of affidavits that it had conducted a good faith search and that it did not

possess the requested documents."  *Vonderheide*, 1999 WL 1000875 at *1.

### 5.   Defendant IRS is entitled to summary judgment on Plaintiff's claim(s) concerning his March 2, 2015 FOIA request, as it appears that (a) transcript requests are not processed through FOIA, (b) this is a duplicate request and/or (c) there are no responsive documents.

Plaintiff's FOIA request dated March 2, 2015 seeks the Business Master

File, specifically lien information, for 1989-1993 for Powell Printing Co./Inc., EIN

38-2901076.  (DE 9-4, DE 45 at 98-100.)  Plaintiff's request was received on

March 3, 2015.  A March 10, 2015 letter from Senior Disclosure Specialist Brinda
L. Brown indicates that Plaintiff needed to "[p]rovide proof of [his] right to access
the requested records."  (DE 45 at 115-116.)  Here, too, it seems that no timely
action was taken in response to Plaintiff's March 16, 2015 facsimile.  *See* Brown
Decl. (DE 45 at 66-67 ¶¶ 13-16.)[14]  Thus, assuming Plaintiff's March 16, 2015
letter also related to the March 2, 2015 request, Plaintiff is deemed to have
exhausted his administrative remedies as to a challenge to the same on the basis
that Defendant failed to comply with the applicable time limit.  5 U.S.C. §
552(a)(6)(C)(i).

    Nonetheless, the Court should conclude that Defendant IRS is entitled to
summary judgment on Plaintiff's March 2, 2015 FOIA claims which are the
subject of the amended complaint at bar.  First, as to Plaintiff's request for "a
PHOTOCOPY of the Business Master File . . . in regards to LIEN Information
(who put the lien on the business or on the return) 'Specific' for the years of 1989
to 1993 for the Powell Printing Co/Inc . . .[,]" (DE 45 at 98), Brown declares that
"[t]ranscripts may be obtained through routine procedures and are not processed
through the FOIA."  (DE 45 at 72-73 ¶ 38.)  Second, Brown also attests that "the
lien information request appears to be a duplicate request[,]" citing Plaintiff's April

---

[14] In his unverified first amended complaint, Plaintiff claims he did so on March 16,
2015.  (DE 9-1 at 5.)  Twenty (20) business days would have expired on April 10,
2015.  5 U.S.C. § 552(a)(6)(A)(i).

26, 2014 request (F14122-0081).  (DE 45 at 73 ¶ 39-40.)  Third, even if the Court

has jurisdiction to enjoin withholding or order production under 5 U.S.C. §

552(a)(4)(B), it does not appear that there are any responsive documents.  After

discussing the response to the 2014 request, Brown further declared:

> Nonetheless, in order to attempt once again to obtain records for Mr.
> Powell, I contacted the Service's Centralized Lien Operations Field
> Office Resource Team ('Lien Team') and asked them to find any
> records related to liens filed on the Powell Printing Company's
> account between 1988 and 1994.
>
> I received an email in response to my request for records from a
> member of the Lien Team, which stated:  "I cannot locate any liens in
> the Automated Lien System for the taxpayer listed below at this time."
>
> I have been unable to locate any other responsive records to Mr.
> Powell's lien information request.

(DE 45 at 74 ¶¶ 41-43.)  Given this representation and the absence of a response by

Plaintiff, the Court has no reason to question the reasonableness of the agency's

search under 5 U.S.C. § 552(a)(3)(C).  Therefore, Defendant IRS is entitled to

summary judgment on Plaintiff's claims regarding his March 2, 2015 FOIA

request.

> ### 6. Defendant IRS is entitled to summary judgment on Plaintiff's claim(s) concerning his April 10, 2015 FOIA request, because the requests at issue do not comply with § 552(a)(3)(A) and/or the documents sought do not exist.

Plaintiff's FOIA request dated April 10, 2015 seeks seven (7) items

concerning William A. Powell, Andrew Powell or Powell Printing Co./Inc., among

20

which are four (4) Business Master File Transcripts (MFTs), two (2) Formal

Closing Agreement Letters, as well as a request for Forms 8871 and 8872 for

Powell Printing Co./Inc. (DE 9-5, DE 45 at 129-130.)  By a letter dated April 14,

2015, Disclosure Specialist Jennifer J. Perez explained that "Disclosure offices will

no longer process requests for transcripts[,]" and provided Plaintiff with the

procedures for requesting transcripts.  (DE 45 at 132-134.)  Perez's April 14, 2015

letter explains that "Treasury Regulation 26 CFR 601.702(d) provides that

request[s] for records processed in accordance with routine agency procedures are

specifically excluded from the processing requirements of the FOIA."  (DE 45 at

132.)

> **a.** **Plaintiff was not required to appeal Defendant IRS's April 14, 2015 response, as the agency did not comply with 5 U.S.C. § 552(a)(6)(A)(i).**

This Court does appear to have subject-matter jurisdiction over Plaintiff's

challenge to the content of Defendant IRS's April 14, 2015 response.  As an initial

matter, this response was timely under 5 U.S.C. § 552(a)(6)(A)(i).  (DE 45 at 128-

130, 132-134.)  Moreover, Perez declares that she has not had interaction with

Plaintiff since she sent her response letter on April 14, 2015.  (DE 45 at 125 ¶ 14,

DE 45 at 132.)  Furthermore, Perez declares that, to her knowledge, "Mr. Powell

has never filed an administrative appeal regarding his FOIA request [she] received

on April 10, 2015 . . . ."  (*See* DE 45 at 125 ¶¶ 15-18.)

21

However, even though, as noted above, a plaintiff must exhaust his administrative remedies before coming to the Court by first appealing the adverse decision within the agency, Plaintiff's amended complaint takes issue with the fact that the IRS had "not explained any appeal rights for the requests filed on April 10, 2015, which is required by FOIA."  (DE 9-1 at 7, 5 U.S.C. § 552(a)(6)(A)(i).)  The veracity of this allegation is confirmed, and thus made undisputed, by Defendant's submission from the IRS's own records. (DE 45 at 132.)  This undermines Defendant IRS's argument that Plaintiff's failure to appeal the April 14, 2015 response renders his claim unexhausted.  (DE 45 at 20; *see also Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 67 (D.C. Cir. 1990) ("State's letter to appellant, however, merely informed him that he could call the agency for further information:  'If you have any questions, please contact the Information and Privacy Staff.'  This did not qualify as notice to appellant of his right to appeal the negative reference to his inquiry[,]" and "was insufficient under the FOIA to trigger the exhaustion requirement . . . .")).  Here, as in *Oglesby*, Defendant IRS's April 14, 2015 letter advised Plaintiff to call or write if he had any questions, but did not otherwise notify Plaintiff of his right to appeal.  (DE 45 at 132.)  Therefore, the Court should address the merits of Plaintiff's claim as to the content of Defendant IRS's April 14, 2015 response.

      **b.**    **Plaintiff's April 10, 2015 FOIA request was not appropriate as contemplated by 552(a)(3)(A).**

22

With respect to the merits of Plaintiff's April 10, 2015 FOIA request, his amended complaint takes issue with the content of Defendant IRS's April 14, 2015 response.  (*See* DE 9-1 at 6-7.)  For example, Plaintiff contends that "FOIA has DENIED Plaintiff's Requests for the Business Master File Transcripts for William A. Powell and Andrew Powell . . . ."  (DE 9-1 at 6.)  Furthermore, claiming that previous, similar requests were processed under FOIA, Plaintiff suspects this abrupt change of procedure following his April 10, 2015 FOIA request is because it will reveal alleged fraudulent activity, data breach, identity theft and tax refund fraud that was not detected until Plaintiff "brought the suspicious activity to the IRS on or after 2012."  (DE 9-1 at 6-7.)  In addition, Plaintiff contends that Defendant IRS's April 14 correspondence "did not acknowledge whether or not the other Requests in the correspondence were going to be processed, but focused on the BMF Transcripts only."  (DE 9-1 at 7.)  In other words, he seems to challenge the April 14, 2015 response's failure to address the two (2) requests for Formal Closing Agreement Letters and the one (1) request for Forms 8872 and 8871 for Powell Printing Co./Inc.

### i.       Plaintiff's BMF Transcript requests

Plaintiff claims that FOIA is the appropriate vehicle by which to request the documents listed in his April 10, 2015 request.  (DE 9-1 at 7.)  However, at least as

to the requests for tax transcripts, the Court should disagree.  In this regard, as

Defendant IRS points out, Plaintiff's request "does not follow the Service's FOIA

regulations and[,] therefore[,] cannot state a valid FOIA claim."  (*See* DE 45 at 19-

20 (citing 5 U.S.C. § 552(a)(3)(A)).)  Defendant IRS's April 14, 2015 letter cited

26 C.F.R. § 601.702(d) in explaining that "[d]isclosure offices will no longer

process requests for transcripts[,]" and attached "Procedures for Requesting

Transcripts," among which is listed "Tax Return Transcripts." [15]  (DE 45 at 132-

134.)  Importantly, with respect to "[i]nspection of tax returns and attachments or

transcripts[,]" Section 602.702(d) provides:

> The inspection of returns and attachments is governed by the
> provisions of the internal revenue laws and regulations thereunder
> promulgated by the Secretary of the Treasury. See section 6103 and
> the regulations thereunder. *Written requests for a copy of a tax return*
> *and attachments or a transcript of a tax return shall be made using*
> *IRS form 4506, "Request for Copy or Transcript of Tax Form."* A
> reasonable fee, as the Commissioner may from time to time establish,
> may be charged for such copies.

26 C.F.R. § 601.702(d)(1) (emphasis added).  Therefore, to the extent Plaintiff's

April 10, 2015 written requests sought a copy of a tax return and attachments or a

transcript of a tax return, he was required to use IRS Form 4506.[16]  It follows that

---

[15] The directions list *several* methods for requesting transcripts, one of which is
"[c]omplete and mail Form 4506-T . . . to the IRS."  (DE 45 at 132, 133-134.)

[16] The IRS has a few iterations of Form 4506 ("Request for Copy of Tax Return"),
including Form 4506-A ("Request for Public Inspection or Copy of Exempt or
Political Organization IRS Form"), Form 4506-T ("Request for Transcript of Tax

Plaintiff's pursuit of such records without using IRS Form 4506 would not have been in accordance with IRS regulation 26 C.F.R. § 601.702(d)(1), and, therefore, would not have complied with 5 U.S.C. § 552(a)(3)(A)(ii).

### ii.     Formal Closing Agreement Letters

The Court must also consider the propriety of Plaintiff's FOIA requests for: (a) the "Formal Closing Agreement Letter for the Federal Estate Tax Return (706)" of William A. Powell for 1992 through 1996, (b) the "Formal Closing Agreement Letter for the Federal Estate Tax Return (706)" of Andrew Powell between 1987 through 1998, and (c) the Forms 8872 and 8871.  (*See* DE 9-5, DE 45 at 129-130.) It seems that Defendant IRS treats these requests in the same way it did the four (4) requests for BMF Transcripts – as a "tax return and attachments" or a "transcript of a tax return," 26 C.F.R. § 601.702(d)(1).  (*See* DE 45 at 18-20, Perez Decl. (DE 45 at 123 ¶¶ 4-5.))  If the formal closing letters and Forms 8871 and 8872 so qualify, then these requests meet the same fate as those requesting the BMF transcripts; they should be made in accordance with 26 C.F.R. § 601.702(d)(1) and, by extension, 5 U.S.C. § 552(a)(3)(A)(ii).  If not, further consideration as to their propriety is in order.

---

Return") and Form 4506T-EZ ("Short Form Request for Individual Tax Return Transcript").  *See* www.irs.gov.

With respect to the formal closing agreement letters, Perez declares that, to her knowledge, Plaintiff "has not established his right to access records for Andrew Powell[,]" but "has established his right to access records belonging to William A. Powell." (DE 45 at 123 ¶¶ 7-8.) However, Perez further declares: "It is not clear from Mr. Powell's request what he means by, 'Formal Closing Agreement Letter,' so I assumed that he was referring to an attachment to a tax return." (DE 45 at 124 ¶ 9.)[17] Although not an argument expressly presented by Defendant IRS (*see* DE 45 at 18-20), this purported lack of clarity raises the question of whether Plaintiff's two requests for the "Formal Closing Agreement Letters" even comply with 5 U.S.C. § 552(a)(3)(A)(i)'s requirement of a reasonable description. Moreover, Perez's declaration essentially challenges Plaintiff's entitlement to access the records of Andrew Powell (*see* DE 45 at 123 ¶ 7), presumably Plaintiff's grandfather (*see* DE 45 at 18; *see also* DE 48 at 24); in other words, questioning whether Plaintiff is "properly authorized to make such a request." 5 U.S.C. § 552(a)(3)(A)(ii), 26 C.F.R. § 601.702(c)(5) ("Reasonable description of records; identity and right of the requester."), Subsection (C). Therefore, in the absence of a response from Plaintiff, and in consideration of the explanations offered by Defendant IRS through Perez's declaration, the Court should conclude that

---

[17] Relatedly, she declares that, while preparing her declaration, she did some further checking, which revealed, "[t]here was no examination of William A. Powell's estate tax return during the years Mr. Powell specified." (DE 45 at 124 n.1.)

Plaintiff's two requests for "Formal Closing Agreement Letters" do not comply
with Section 552(a)(3)(A).

### iii.     Forms 8871 and 8872

Finally, there remain Plaintiff's April 10, 2015 requests for Form 8871
("Political Organization Notice of Section 527 Status") and Form 8872 ("Political
Organization Report of Contributions and Expenditures").  *See* DE 9-5,
www.irs.gov.  Perez has declared that Forms 8871 and 8872 are "returns filed by
tax-exempt organizations."  (DE 45 at 123 ¶ 6.)  Moreover, as noted above, Brown
has declared that "the transcript actually indicates that the Powell Printing
Company was not a 527 political organization[,]" and "[i]n my review of the
Powell Company Printing transcripts[,] I have not seen any indication that it was a
tax exempt organization."  (DE 45 at 72 ¶¶ 36-37, DE 9-3 at 3.)  Given Defendant
IRS's assertion that Plaintiff appears to be "mistaken" in his belief that Powell
Printing Co. is a Section 527 political organization (DE 45 at 14-15, 25), the Perez
and Brown declarations in this regard, and the absence of evidence to the contrary
from Plaintiff, it appears that no such documents exist.

Additionally, the Instructions for Form 8871 note that "[t]he IRS is required
to make publicly available on the internet and at its offices a list of the
organizations that file Form 8871 . . . ."  *See* https://www.irs.gov/pub/irs-
pdf/i8871.pdf (Rev. February 2011).   Written requests for such documents should

27

be made by Form 4506-A. *See* 26 C.F.R. 601.702(d)(3) ("Public inspection of certain information returns, notices, and reports furnished by certain tax-exempt organizations and certain trusts.").  Thus, the Court should conclude that Defendant IRS is entitled to summary judgment to the extent Plaintiff's amended complaint concerns his April 10, 2015 request for Forms 8871 and 8872, either because it appears that no such documents exist or because the request does not comply with 26 C.F.R. § 601.702(d)(3) and, by extension, 5 U.S.C. § 552(a)(3)(A)(ii).

### 7.    Conclusion

The sole cause of action delineated in Plaintiff's first amended complaint is an alleged violation of 5 U.S.C. § 552, based upon his FOIA requests to Defendant IRS dated: December 4, 2014, February 26, 2015, March 2, 2015, and April 10, 2015. These claims are the limit of the Undersigned's report and recommendation. For the reasons stated above, Defendant IRS is entitled to summary judgment with respect to all four FOIA requests.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas*

28

*v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d

505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others

with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d

390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections

must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No.

2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

s/Anthony P. Patti _____
Anthony P. Patti
Dated: April 20, 2016              UNITED STATES MAGISTRATE JUDGE