UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. POWELL,

        Plaintiff,                                Case No. 15-11033

v.                                                 Paul D. Borman
                                                     United States District Judge

INTERNAL REVENUE SERVICE,

                                                     Anthony P. Patti
        Defendant.                       United States Magistrate Judge
_____/

OPINION AND ORDER
DENYING PLAINTIFF'S "MOTION TO RESUBMIT PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT" (ECF NO. 61)

      The present action arises from *pro se* Plaintiff William E. Powell's claims that Defendant Internal Revenue Service ("IRS") violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Now before the Court is Plaintiff's May 31, 2016 "Motion to Resubmit Plaintiff's Opposition to Defendant's Motion for Summary Judgment" which the Court construes as an untimely objection to Magistrate Judge Anthony P. Patti's April 20, 2016 "Opinion and Order Construing Plaintiff's April 13, 2016 Filing as a Motion to Extend and Denying Such Request" (ECF No. 54). Defendant filed a response to this filing on June 14, 2016. (ECF No. 63.) For the following reasons, the Court will DENY Plaintiff's objection to Magistrate Judge Patti's April 20, 2016 Order denying Plaintiff's request to resubmit his Response to Defendant's Motion for Summary Judgment.

      To understand the instant motion, the Court must set forth the extensive procedural history underlying the present the motion. On January 20, 2016, Defendant IRS moved for summary judgment. (ECF No. 45.) Then on January 26, 2016, Magistrate Judge Patti, to whom all pretrial matters were referred by this Court, issued an Order directing Plaintiff to file a

response to the motion for summary judgment on or before February 10, 2016 and directing him to comply with Magistrate Judge Patti's motion practice guidelines. (ECF No. 47.)

On February 10, 2016, Plaintiff filed a timely response that was 34 pages long with more than 145 pages of exhibits (ECF No. 48). Then five days later, Plaintiff filed a motion to substitute the response based on the need to redact social security numbers and other personal information (ECF No. 49), and on February 16, 2016, Plaintiff filed a substituted response ostensibly with those redactions (ECF No. 50). (*See* ECF No. 51, Order Grating Motion to Substitute.) On February 17, 2016, Magistrate Judge Patti issued an Order that granted Plaintiff's request to substitute the response, but noted that the proposed amended response was missing nine (9) pages of exhibits and was therefore not identical to the originally filed response. (*Id.*) Magistrate Judge Patti directed the Clerk to strike both Plaintiff's original February 10, 2016 Response and also his motion to substitute with the proposed amended response and order that Plaintiff filed "a substituted response – identical to the pleading filed on February 10, 2016, but differing only by the redactions proposed in the instant motion – no later than Thursday, February 18, 2016." (*Id.*)

Plaintiff did not re-file a response to the motion for summary judgment on February 18, 2016 and in fact did not file anything for almost two months. Then, on April 13, 2016, Plaintiff filed a "Response to Resubmit Redacted Summary Judgment" wherein he requested that the Magistrate Judge "acknowledge Plaintiff is sure he filed the right amount of pages in both of Plaintiff's Opposition filings under Docket Number {48} and {50}." (ECF No. 53.) Plaintiff also complained that he could not compare the earlier filings because they had been struck from the docket. (*Id.*)

On April 20, 2016, Magistrate Judge Patti construed Plaintiff's April 13, 2016 filing as a motion to extend time to re-file the response to the motion for summary judgment and denied that request. (ECF No. 54.) Magistrate Judge Patti noted in his April 20, 2016 Order that Plaintiff's original response to the motion for summary judgment was timely but exceeded the page limitation by nine pages and failed to contain the separate documents responding to Defendant's statement of material facts that was required by Magistrate Judge Patti's guidelines.[1] (*Id.*, at 3.) Magistrate Judge Patti denied the request because Plaintiff's claim that he was prejudiced by not being able to "visually see" the two documents that had been struck from the docket lacked credibility, he did not seek an extension within a reasonable amount of time (indeed had done nothing for almost two months), and he failed to demonstrate "excusable neglect" under Rule 6. (ECF No. 54, at *7.) Finally, the Magistrate Judge noted that upon review Plaintiff had never filed a conforming brief because both of Plaintiff's previous briefs were too long and failed to provide a "statement of undisputed facts." (*Id.*, at *7-8.) Significantly, the Magistrate Judge recognized that while Plaintiff was pro se litigant, he was "no stranger to the courtroom" as he had filed three FOIA cases in this District and Plaintiff was advised that he needed to follow the applicable practice guidelines.[2]

---

[1] Indeed, Magistrate Judge Patti advised Plaintiff that he needed to comply with the motion practice guidelines and this Court's local rules both in the order requiring Plaintiff's response to the Motion (ECF No. 47), during a hearing before Magistrate Judge Patti on September 3, 2015, as well as in other orders in this action (ECF Nos. 30, 38, and 40.) (ECF No. 54, at *2-3.)

[2] Magistrate Judge Patti noted that Plaintiff had repeatedly ignored his orders. (ECF No. 54, at *9.)

Here, Plaintiff objects to a magistrate judge's order on a non-dispositive matter. 28 U.S.C. § 636(b)(1)(A). The Federal Rules of Civil Procedure provide that a party may object to a magistrate judge's order on a pretrial matter that is not dispositive of a party's claim or defense by filing an objection to the order within 14 days after being served with a copy. FED. R. CIV. P. 72(a). This Court, however, cannot reverse a magistrate judge's order on a non-dispositive matter unless that decision was "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). The United States Supreme Court and the Sixth Circuit have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir 2992) (quoting *U.S. Gypsum Co.*).

This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *See Anderson v. City of Bessemer City., N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994)). As a result the reviewing court must employ "independent judgment with respect to the magistrate judge's conclusions of law." *Id*.

This Court construes Plaintiff's current filing as an objection to Magistrate Judge Patti's April 20, 2016 Order. In the instant filing, Plaintiff requests that this Court "acknowledge the Opposition to Defendant's Motion for Summary Judgement by Plaintiff is a crucial defense against Defendant's Motion for Summary Judgement, which Plaintiff should have the opportunity to resubmit Plaintiff's Opposition to Defendant's Motion for Summary Judgment." (ECF No. 61, at 2.) Plaintiff also insinuates that his failure to timely file a conforming response to the motion for summary judgment was tied to the fact he "could not verify the Magistrate Judge's Order because" his earlier responses were struck from the docket. (*Id.*)

Plaintiff's argument is untimely. Plaintiff's objection was filed more than fourteen days after Magistrate Judge Patti's Order and "[a] party may not assign as error a defect in the order not timely objected to." FED. R. CIV. P. 72(a). Further, Plaintiff has neither pointed out any error in the Magistrate Judge Patti's legal analysis, nor assigned any error to his factual findings. Rather, Plaintiff merely regurgitates the same argument he previously and belatedly submitted to Magistrate Judge Patti and states his disagreement with Magistrate Judge Patti's conclusion.

Moreover, even if the Court were to consider the untimely objection, Plaintiff's argument is unavailing. Plaintiff has not disputed that his previously submitted and stricken responses violated the practice guidelines. The record is also clear that Plaintiff failed to request an extension to resubmit within a reasonable time. Further, Plaintiff's argument that he was prejudiced by being unable to view the his February 10 and February 16, 2016 Responses on the docket does not constitute excusable neglect for failing to timely file a conforming Response. Plaintiff, himself, created and filed the documents he submitted to the Court and that were struck by Magistrate Judge Patti. Thus, it is not credible or persuasive to believe that Plaintiff suffered

prejudice from being unable to view a copy of his own documents on the docket.

Finally, while Plaintiff argues that his response is "crucial" to this Court's determination of the merits of the summary judgment motion, the Court disagrees. The Magistrate Judge was careful to address this issue in the Order and advised that

> notwithstanding the unopposed status of that motion, the Court will carefully consider the allegations contained in Plaintiff's operative pleadings and adhere to the standard which requires that, "a district court cannot grant summary judgment in favor of a movant because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."

(ECF No. 54, at 8-9, quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)). Accordingly, the Court concludes that the Magistrate Judge's April 20, 2016 Order denying Plaintiff's request to re-file his response to the motion for summary judgment was not clearly erroneous or contrary to law.

For all these reasons, the Court DENIES Plaintiff's objection to the Magistrate Judge's April 20, 2016 Order denying his request to re-file his response to Defendant's Motion for Summary Judgment. (ECF No. 61.)

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 29, 2016.

                                          s/Deborah Tofil
                                          Case Manager