UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM E. POWELL,

               Plaintiff,                       Case No. 15-11033

v.                                       Paul D. Borman
                                       United States District Judge

INTERNAL REVENUE SERVICE,

                                       Anthony P. Patti
               Defendant.             United States Magistrate Judge
_____/

OPINION AND ORDER:
(1) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 60);
(2) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (ECF NO. 55);
(3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 45);
AND (4) DISMISSING THIS ACTION WITH PREJUDICE

Before the Court is Plaintiff William E. Powell's Objections to Magistrate Judge

Anthony P. Patti's April 20, 2016 Report and Recommendation.  (ECF No. 55, Report and

Recommendation.)  The Report and Recommendation recommended that this Court grant

Defendant Internal Revenue Service's January 20, 2016 Motion for Summary Judgment. (ECF

No. 45.)  Plaintiff filed an Objection to the Report and Recommendation dated May 3, 2016

(ECF No. 56) and thereafter sought permission to resubmit his objection with exhibits (ECF No.

57).  Defendant then filed a Response to Plaintiff's Objection.  (ECF No. 58.)  Thereafter, this

Court granted Plaintiff's request to resubmit his objection with exhibits (ECF No. 59) and

Plaintiff re-filed his objection with exhibits (ECF No. 60).  Defendant then filed a supplemental

response to Plaintiff's objection with exhibits (ECF No. 62) and Plaintiff filed a reply (ECF No.

64).

This Court reviews *de novo* the portions of a report and recommendation to which objections have been filed. 28 U .S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court will deny Plaintiff's objections, adopt the Magistrate Judge's Report and Recommendation, grant Defendant's motion for summary judgment, and dismiss this action with prejudice.

## I. BACKGROUND

On March 19, 2015, Plaintiff filed this action against Defendant. (ECF No. 1.) On April 28, 2015, this Court granted Plaintiff's request to file an amended complaint. (ECF No. 9.) This action second of three actions Plaintiff filed against Defendant seeking to compel Defendant to comply with his requests for certain tax documents pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See Powell v. IRS* (*Powell I*), case no. 2:14-cv-12626 (E.D. Mich.) (judgment entered on Sept. 9, 2015), and *Powell v. IRS* (*Powell III*), case no. 2:15-cv-11616 (E.D. Mich.) (judgment entered on Sept. 30, 2016). In the present action, Plaintiff seeks documents related to a December 4, 2014 request for tax documents and, as asserted in the amended complaint, documents related to requests dated February 26, 2015, March 2, 2015, and April 10, 2015. (ECF No. 9, Am. Compl., at 2-8.)

Defendant filed the present motion for summary judgment on January 20, 2016. (ECF No. 29.) Defendant contended that summary judgment should be granted because:

(1)     [P]laintiff did not exhaust his administrative remedies with respect to any of his denied requested Items;

(2)     [P]laintiff did not follow the Service's FOIA regulations for some of his requested Items;

    (3)      with respect to some of [P]laintiff's proper FOIA requested Items, the Service conducted a reasonable search but did not locate any responsive records, or

    (4)      if responsive records were located (and were not exempt from disclosure under the FOIA) the Service properly released those records to [P]laintiff.

(ECF No, 55, at *2, quoting ECF No. 45, at *9.)

As detailed in this Court's contemporaneously filed opinion and order denying Plaintiff's "Motion to Resubmit Plaintiff's Opposition to Defendant's Motion for Summary Judgment" (ECF No. 65, at *2-3) and in the underlying Report and Recommendation (ECF No. 55, at *3), Plaintiff failed to file a timely conforming response to Defendant's Motion for Summary Judgment. Thus, Defendant's motion for summary judgment was unopposed. The Court notes, however, that the Magistrate Judge was careful to acknowledge that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to insure that he has discharged that burden." (ECF No. 55, at *4, quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation

3

omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir.1991).

Defendant moves for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure.  This rule provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of genuine issue of material fact."  *Id*. at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material"  for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted).  A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a

4

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e).

## III. ANALYSIS

Plaintiff sets forth numerous objections to the Magistrate Judge's Report and Recommendation and the Court addresses each in turn below.

A.      Plaintiff's First Objection regarding the December 4, 2014 FOIA Request

The Magistrate Judge concluded that this Court does not enjoy subject matter jurisdiction over Plaintiff's December 4, 2014 FOIA request to Defendant. As properly noted by the Magistrate Judge, Plaintiff's amended complaint only contests Defendant's January 15, 2015 interim response to his December 4, 2014 FOIA request. (ECF No. 55, at *11.) Yet, William J. White IV, an IRS Disclosure Specialist, stated that Plaintiff never filed an administrative appeal

with Defendant regarding his December 4, 2014 FOIA Request.  (ECF No. 45, White Decl., at

*41-42, ¶¶ 29-32.)  Accordingly, the Magistrate Judge concluded that Plaintiff's complaint was

prematurely filed because Plaintiff was required to exhaust his administrative remedies prior to

filing the present action.[1]  *See Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001)

(citations omitted); *Am. Civil Liberties Union of Michigan v. F.B.I.*, No. 11-13154, 2012 WL

4513626, at *4 (E.D. Mich., Sept. 30, 2012), *aff'd on other grounds*, 734 F.3d 460 (6th Cir.

2013) (finding that "[a] plaintiff's failure to exhaust administrative remedies precludes a federal

court from exercising subject-matter jurisdiction over the party's FOIA claims.")

---

[1] Plaintiff does not object to this legal conclusion.  The Court notes (as it did previously in regards to Plaintiff's other FOIA action, case no. 15-11616) that the Sixth Circuit has held in an unpublished opinion that a plaintiff's failure to exhaust his administrative remedies in relation to a FOIA claim "deprive[s] the district court of jurisdiction."  *Reisman v. Bullard*, 14 F. App'x 377, 379 (6th Cir. 2001) (citations omitted).  Yet, since the Sixth Circuit's decision in *Reisman*, the Supreme Court has

> adopted a readily administrable bright line for determining whether to classify a statutory limitation as jurisdictional.  We inquire whether Congress has clearly stated that the rule is jurisdictional; absent such a clear statement, we have cautioned, "courts should treat the restriction as nonjurisdictional in character.

*Sebelius v. Auburn Regional Med. Ctr.*, 133 S. Ct. 817, 824 (2013) (omitting marks, citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006)); *see also Carter v. United States*, No. 1:16-cv-530, *Report and Recommendation*, 2016 WL 4382725, at *2 (S.D. Ohio, Aug. 16, 2016) (recognizing the same and  collecting authority).  The majority of courts have also concluded that "exhaustion under FOIA is a prudential consideration rather than a jurisdictional prerequisite."  *Hull v. I.R.S., U.S. Dep't of Treas.*, 656 F.3d 1174, 1181-82 (10th Cir. 2011) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir., 2003); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 n. 3 (11th Cir. 1994) ("[E]xhaustion of administrative remedies is not a jurisdiction requirements."); *see also Ocon-Fierro v. Drug Enforcement Admin.*, No. 1:10-cv-1228, 2013 WL 869911 *2 (W.D. Mich., Feb. 15, 2013) *report and recommendation adopted by* 2013 WL 868325 (recognizing Sixth Circuit's position as set forth in the unpublished *Reisman* decision is minority opinion).
    The Court, however, concludes that it is bound to follow the Sixth Circuit's position as set forth in *Reisman* and therefore finds no legal error in the Magistrate Judge's Report and Recommendation addressing the issue of exhaustion and subject matter jurisdiction.

Plaintiff admits that he did not file an appeal from Defendant's January 15, 2015 interim response to his December 4, 2014 FOIA request.  (*See* ECF No. 60, at *5.)  While Plaintiff argues he did not need to file an appeal because "Defendant never produced the documents to Plaintiff," Plaintiff overlooks the fact that the January 15, 2015 response constituted a partial denial of Plaintiff's FOIA request.  In the January 15, 2015 response, Defendant produced 36 pages of documents but withheld portions of 13 pages through redactions.  The January 15, 2015 response further noted that for certain requests "there [were] no documents specifically responsive to your request" and included a "Notice 393" which expressly stated that an administrative appeal was available when the IRS has "advised that you that no records responsive to your request exist" or "deny you access to a record in whole or part."  (White Decl., at *39, ¶¶19-21, and *51, 55.)  Accordingly, the Court concludes that the Magistrate Judge properly held Plaintiff failed to administratively exhaust his FOIA claim in regards to his December 4, 2014 request and Plaintiff's arguments to the contrary are without merit.

B.      Plaintiff's Second Objection regarding the February 26, 2015 FOIA Request

Plaintiff submitted four FOIA requests all dated February 26, 2015 to Defendant and each involved the Powell Printing Co., Employer Identification Number ("EIN") 38-2901076. (Am. Compl., Ex. 3; ECF No. 45, at 76-96.)  Specifically, Plaintiff requested (1) the Business Master File Transcript ("MFT") 67 (990, 990EZ), MFT 44 (990), MFT 34 (990 T), MFT 56 (990BL) ("Forms 990 request") (Am. Compl., at Ex. 3, at 3); (2) a request to inspect the document with the DLN 38904-747-00785-9 for Powell Printing Co. ("the Form SS-4 request") (Am. Compl., Ex. 3, at 1-2); (3) a photocopy of the 1990 2553 (Small Business Election) for Powell Printing Co. ("the Form 2553 photocopy request") (Am. Compl., Ex. 3, at 4); and (4) a request to inspect the 1989/1990 tax return with the DLN 17953-494-00101-0 ("Form 2553

inspection request") (Am. Compl., Ex. 3, at 5). The Magistrate Judge properly found that Plaintiff had exhausted his administrative remedies because Defendant failed to comply with the applicable time limit pursuant to 5 U.S.C. § 552(a)(6)(C)(i). (ECF No. 55, at *14.)

The Magistrate Judge also concluded that Defendant was entitled to summary judgment on each of Plaintiff's four requests. As to Plaintiff's Form 2553 photocopy request and the Form 2553 inspection request the Magistrate Judge held that Plaintiff had already received all of his requested relief through his earlier filed action, *Powell I*, case no. 14-12626. (ECF No. 55, at *15-16.) As to the Form SS-4 request, the Magistrate Judge found that Defendant had evidenced that it does not possess responsive documents because "the Service does not maintain Forms SS-4 for years prior to 1998" and directing Plaintiff to "request this document from the SSA." (ECF No. 45, Brinda L. Brown Decl. at *67-69, ¶¶ 19-23.) Finally, as to Plaintiff's Forms 990 request, the Magistrate Judge noted that Plaintiff mistakenly believed that the Powell Printing Co., was a 527 Political Organization ("POL") that would be required to file on the 990 series but that Defendant provided through sworn declarations there was no "indication that [Powell Printing Co.] was a tax exempt organization." (ECF No. 45, Brinda L. Brown Decl. at *74-75, ¶¶ 32-37). Ultimately, based upon the sworn declarations of disclosure specialists Brinda L. Brown and William J. White, the Magistrate Judge concluded that a good faith search was performed and that there was nothing to contradict Defendant's assertion that "no records responsive to this Item have ever existed." (ECF No. 55, at *17-18 (citation omitted).)

Plaintiff now objects to the Magistrate Judge's conclusions. As to his Form 2553 photocopy request and the Form 2553 inspection requests, Plaintiff argues that there are no restrictions regarding "the number of occasions that an individual can request documents from the FOIA" and thus even if Defendant previously complied with his FOIA requests "it should not

be a problem to produce these documents (again)." (ECF No. 60, at *7.) The Court finds this argument specious and vexatious. Plaintiff received a copy of the requested document and was allowed to inspect the original document on September 3, 2015 in the presence of court in this District as a result of his earlier filed action, *Powell I. See Powell I*, No. 14-CV-12626 (Cox., J.) (ECF No. 45, finding that Plaintiff inspected the original Form 2553 in the presence of the Court and "was also provided with a certified copy of the document. Plaintiff has therefore obtained all relief he sought as to this document.") Accordingly, Plaintiff's current request to inspect and receive of copy of this exact same document is now moot and his objection without merit.

As to Plaintiff's SS-4 request, Plaintiff has failed to articulate an objection directed at an error in the Magistrate Judge's analysis. Plaintiff states that he contacted the Social Security Administration regarding the forms, as directed by Defendant, but was informed it does not have those records. Yet, Plaintiff does not contradict Defendant's declaration that it does not "maintain the records of Forms SS-4 for years prior to 1998." Accordingly, the Court rejects Plaintiff's objection as to this conclusion.

Plaintiff also argues that the Magistrate Judge erred in relying upon Defendant's declarations to find that Powell Printing Co. was not a tax exempt political organization. Plaintiff cites and relies upon certain records that he argues show that the Powell Printing Co. Was in fact a 527 POL. (ECF No. 60, at Exs. F & G.) The Court finds Plaintiff's objection is without merit. Defendant has evidenced through sworn declaration that "the transcript actually indicates that the Powell Printing company was not a 527 political organization." (ECF No. 45, Brown Decl., at ¶¶ 32-37.) Further, as noted by Defendant, Plaintiff filed tax forms in *Powell I* that indicate that Powell Printing Co. was an "S Corp" and not tax exempt. (*See Powell I*, case no. 14-12626, ECF No. 10, PgID 207-208, PgID 211-218 (Powell Printing Co. Forms 1120S for

9

1990 and 1992)).

Finally, to the extent that Plaintiff argues that the Court need to "acknowledge" certain facts, the Court summarily rejects these requests as irrelevant to the Magistrate Judge's legal analysis and conclusions regarding Plaintiff's February 26, 2015 FOIA requests.

C.      Plaintiff's Third Objection regarding the March 2, 2015 FOIA Request

On March 2, 2015, Plaintiff submitted a single FOIA request for "information regarding liens for tax years 1989 through 1993 for the Powell Printing Company under the EIN 38-2901076." (Am. Compl., at 4; ECF No. 45, at 98-100.) On March 10, 2015 letter from Senior Disclosure Specialist Brinda L. Brown directed Plaintiff that he needed to "provide proof of [his] right to access the requested records." (ECF No. 45, at *115-16.) The Magistrate Judge found that because Defendant did not timely respond to Plaintiff's March 16, 2015 facsimile response, Plaintiff's March 2, 2015 FOIA request was exhausted. The Magistrate Judge further concluded, however, that Defendant was entitled to summary judgment because: (1) the request for the transcript "may be obtained through routine procedures and are not processed through FOIA" (ECF No. 45, Brown Decl. at *72-73, ¶ 38); (2) the request was a duplicate request of one made by Plaintiff on April 26, 2014 (*id.*, at ¶¶ 39-40); and (3) there were no responsive documents to that request (*id.*, at ¶¶ 41-43).

In relevant part, Plaintiff appears to object to the Magistrate Judge's conclusion that Defendant completed a reasonable search and argues that Defendant has "not illustrated in any of its declarations and affidavits that Defendant did a thorough search through the FRC, the Custodial Agent, who stores Defendant's documents." (ECF No. 60, at *11.)

Plaintiff's objection is without merit. "In response to a FOIA request, an agency must make a good faith effort to conduct a search for the requested records using methods reasonably

10

expected to produce the requested information." *Rugiero v. U.S. Depart. of Justice*, 257 F.3d 534, 547 (6th Cir. 2001) (citation omitted). The agency bears the burden to establish the adequacy of its search and it may "rely on affidavits or declarations that provide reasonable detail of the scope of the search." *Id.* (internal citations and quotation marks omitted).

In the present case, Defendant has evidenced a reasonable search for the requested records through the sworn declaration of Brown, a Disclosure Specialist, that she attempted to search for the requested Lien records, that the "Centralized Lien Operations Field Office Resource Team" could not locate any responsive records. (ECF No. 45, at 73, ¶¶ 39-43.) Brown further noted that another disclosure specialist had attempted to find the same records but was similarly unsuccessful. (*Id.*) Plaintiff's argument that he discovered a single notation of the word "LIEN" on a document he received from "Michael Gonzales, W&I in Cincinnati" does not contradict or undermine the reasonableness of Defendant's search for the requested documents. As the Sixth Circuit has explained, "[t]he question focuses on the agency's search, not on whether additional documents exist that might satisfy the request." *Rugiero*, 257 F.3d at 547. Accordingly, the Court finds that the Magistrate Judge properly concluded that Defendant's search was reasonable under 5 U.S.C. § 552(a)(3)(C).

D.     Plaintiff's Objections regarding the April 10, 2015 FOIA Request

Plaintiff's April 10, 2015 FOIA request sought seven items regarding William A. Powell, Andrew Powell or Powell Printing Co./Inc.: four Business Master File ("BMF:") Transcripts, two Formal Closing Agreement Letters and a request for Forms 8871 and 8872.[2] Defendant

---

[2] Plaintiff does not object to the Magistrate Judge's conclusion that Defendant is entitled to summary judgment on Plaintiff's April 10, 2015 request for Forms 8871 ("Political Organization Notice of Section 527 Status") and Form 8872 ("Political Organization of Contributions and Expenditures"). (ECF No. 55, at *27-28.)

responded to Plaintiff's request by letter on April 14, 2015, and advised Plaintiff that "Disclosure offices will no longer process requests for transcripts," and directed Plaintiff on how to properly request the transcripts. (ECF No. 45, at *132-34.) The Magistrate Judge found that Plaintiff exhausted his administrative remedy to this request because Defendant's timely response failed to notify Plaintiff of his right to appeal. (ECF No. 55, at *22, citing ECF No. 45, at 132.)

1.      Transcript Request

Regarding Plaintiff's request for BMF Transcripts, the Magistrate Judge concluded that Plaintiff's requests were improper under Defendant's FOIA regulations which provide: "[w]ritten requests for a copy of a tax return and attachments or a transcript of a tax return shall be made using IRS form 4506, "Request for Copy or Transcript of Tax Form." 26 C.F.R. § 601.702(d)(1). Accordingly, the Magistrate Judge reasoned that Plaintiff's FOIA claim failed because he had not submitted the correct form in his BMF transcript request. *See* 5 U.S.C. § 552(a)(3)(A)(ii) (each request under FOIA "reasonably describe" the records requested and be "made in accordance with published rules stating the time, place, fees (if any) and procedures to be followed.")

Plaintiff fails to articulate an objection to the Magistrate Judge's conclusion that he failed to follow the proper procedures for requesting the BMF transcripts. Rather, Plaintiff concedes that Defendant had "changed its procedures" regarding these documents and merely notes that he previously requested and received BMF transcripts from Defendant without using the aforementioned form. Plaintiff's observations, however, do not undermine the Magistrate Judge's legal conclusion that Plaintiff's request failed to conform to the proper FOIA procedures. Thus, to the extent Plaintiff has articulated an objection regarding the his April 10, 2015 BMF Transcript request, it is denied.

12

    2.      Formal Closing Agreement Letters

As to Plaintiff's April 10, 2015 FOIA request for two Formal Closing Agreement Letters, the Magistrate Judge held that summary judgment was appropriate because the request did not comply with 5 U.S.C. § 552(a)(3)(A). Specifically, the Magistrate Judge found that Plaintiff's request for these documents lacked clarity and did not conform with FOIA's "reasonable description" requirement. 5 U.S.C. § 552(a)(3)(A)(I); (ECF No. 45, Jennifer J. Perez Decl. at *124, ¶ 9.) Additionally, the Magistrate Judge held that Plaintiff's request also did not comply with FOIA because it was unclear from the request whether Plaintiff was "properly authorized to make such a request." (ECF No. 55, at *26, citing 5 U.S.C. 552(a)(3)(A)(ii); 26 C.F.R. 601.702(c)(5)).

Plaintiff now objects to the Magistrate Judge's conclusions and appears to argue that he has established his right to access records for his grandfather, Andrew Powell, based upon a BMF transcript he received from Defendant that relates to the Andrew Powell Trust. (ECF No. 60, Ex. M.) Defendant notes in its supplemental response, however, that Plaintiff's reliance upon the BMF transcript relating to his grandfather's trust does not establish Plaintiff's entitlement to receive information regarding his grandfather as an individual. (ECF No. 62, at *2.) Further, Plaintiff also attached a letter to his objection from Defendant dated February 6, 2015 evidencing that Defendant "researched our records and found no activity pertaining to the Estate of Andrew Powell and Andrew Powell Printing Company for the years 1987 through 1995. Therefore, there are no documents responsive to this portion of your request." (ECF No. 60, Ex. M.) Finally, Plaintiff acknowledged the pitfalls of his April 10, 2015 FOIA request in his Reply, stating "Defendant is correct. Plaintiff has not established whether his grandfather's estate was examine/audited by the Service or what Plaintiff means by "Formal Closing

Agreement." (ECF No. 64, at *2.) Plaintiff then goes on to attempt to clarity what "Formal

Closing Agreement" means and notes that he apparently submitted additionally FOIA requests

from Defendant in May, 2016.

Plaintiff's arguments are unpersuasive and irrelevant as they relate to more recent FOIA

requests. Plaintiff has failed to show any error in the Magistrate Judge's legal analysis or his

reliance upon Defendant's sworn declarations. Accordingly, the Court denies Plaintiff's

objection as it relates to his April 10, 2015 request for the Formal Closing Agreement Letters.

IV. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Objections to Magistrate Judge

Anthony P. Patti's April 20, 2016 Report and Recommendation (ECF No. 60) and ADOPTS the

Magistrate Judge's Report and Recommendation (ECF No. 55). Further, the Court GRANTS

Defendant IRS's January 20, 2016 Motion for Summary Judgment (ECF No. 45) and

DISMISSES this action WITH PREJUDICE.

IT IS SO ORDERED.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 29, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on December 29, 2016.


s/Deborah Tofil
Case Manager

14